Renee Choy Ohlendorf (SBN: 263939)
rohlendorf@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone:   310-909-8000
Facsimile:    310-909-8001

Attorneys for Defendant PORTFOLIO RECOVERY ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NECHELE HAMMOCK, PRO SE<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, INC.; and DOES 1 through 10 inclusive.<br><br>Defendants. | Case No.  CV11-10541 SVW (FMOx)<br><br>(Assigned to the Honorable Steven V. Wilson, Courtroom 6)<br><br>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY**<br><br>Action Filed:  December 23, 2011 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Defendant Portfolio Recovery Associates, Inc. ("Defendant"), by and through its attorney, Renee Choy Ohlendorf of Hinshaw & Culbertson LLP, states as follows for its Answer and Affirmative Defenses to Plaintiff's Complaint:

1. Defendant admits only that Plaintiff's Complaint includes a purported claim based upon the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").  Defendant denies violating the FCRA or any other law and denies that it has any liability under any theory of  law.  Defendant denies all remaining allegations of Paragraph 1, if any.

2. Defendant admits only that Plaintiff's Complaint seeks damages for purported violation of the FCRA. Defendant denies that Plaintiff is entitled to damages under the FCRA or under any other theory of law. Defendant denies all remaining allegations of Paragraph 2, if any.

3. Defendant admits that this Court has federal question jurisdiction over this action.

4. Defendant states that the allegations of Paragraph 4 call for a legal conclusion to which no response is required. In the event that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Defendant admits that it conducts some business in California. Defendant denies all remaining allegations of Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Defendant admits that it a business entity that has an office located at 120 Corporate Blvd., Norfolk, Virginia. Defendant denies all remaining allegations of Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff observed, investigated, or determined. Defendant denies that it obtained Plaintiff's credit report. Defendant denies all remaining allegations of Paragraph 10.

11. Defendant states that the allegations of Paragraph 11 call for a legal conclusion to which no response is required. In the event that a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Defendant denies all allegations of Paragraph 12.

13. Defendant denies obtaining Plaintiff's credit report. Defendant denies violating the FCRA. Defendant further states that the FCRA speaks for itself, and denies all allegations inconsistent with that statute. Defendant denies all remaining allegations of Paragraph 13.

14. Defendant hereby restates and incorporates by reference its responses to Paragraphs 1 through 13 of this Complaint for its response to Paragraph 14, as though fully stated herein.

15. Defendant states that the allegations of Paragraph 15 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. Defendant states that the allegations of Paragraph 16 calls for a legal conclusion to which no response is required. In the event that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. Defendant states that the allegations of Paragraph 17 calls for a legal conclusion to which no response is required, and further states that the term "Consumer credit report" is vague and ambiguous. In the event that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. Defendant states that the FCRA speaks for itself, and denies all allegations in Paragraph 18 inconsistent with that statute.

19. Defendant states that the FCRA speaks for itself, and denies all allegations in Paragraph 19 inconsistent with that statute.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

31297015 A2481

20. Defendant denies that it ever obtained Plaintiff's consumer report. Defendant lacks knowledge or information sufficient to form a belief as to all remaining allegations of Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. Defendant states that the FCRA speaks for itself, and denies all allegations in Paragraph 22 inconsistent with that statute.

23. Defendant states that the FCRA speaks for itself, and denies all allegations in Paragraph 23 inconsistent with that statute. Defendant further states that the allegations of this paragraph are vague and ambiguous with respect to time and scope. Further answering, Defendant admits that there was no account in Plaintiff's name that was placed with Defendant for collection. Defendant denies that it engaged in collection activity on Plaintiff's account. Defendant denies all remaining allegations of Paragraph 23.

24. Defendant denies all allegations of Paragraph 24.

25. Defendant denies all allegations of Paragraph 25.

26. Defendant denies all allegations of Paragraph 26.

27. Defendant denies all allegations of Paragraph 27.

**WHEREFORE**, defendant, PORTFOLIO RECOVERY ASSOCIATES, INC., respectfully requests that judgment be entered in its favor and against plaintiff and for such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Defendant, PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"), by its attorney, Renee Choy Ohlendorf, for its affirmative defenses, states as follows:

4

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

31297015  A2481

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, the defendant states that any violation of the FCRA, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, the defendant states that plaintiff has failed to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant states that it had a permissible purpose under 15 U.S.C. § 1681 *et seq.* for obtaining plaintiff's consumer report.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant states that the injuries and damages alleged in the Complaint, if any, were either wholly, or in part, directly or proximately caused by the conduct of persons or entities other than Defendant, and said conduct either imputes to Plaintiff by reason of the relationship between Plaintiff and said persons or entities.

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant states that Plaintiff's claims, are barred, in whole or in part, in that Plaintiff willfully and voluntarily consented, expressly and impliedly, after full and complete disclosure of all relevant and material facts, to any and all such act or acts, event or events, as to which she now complains.

**WHEREFORE**, defendant, PORTFOLIO RECOVERY ASSOCIATES, INC., respectfully requests that judgment be entered in its favor and against plaintiff and for such further relief as this Court deems just and proper.

# JURY DEMAND

Defendant demands a trial by jury pursuant to F.R.C.P. 38.

DATED:  February 2, 2012          HINSHAW & CULBERTSON LLP


By:    *s/Renee Choy Ohlendorf*
Renee Choy Ohlendorf
Attorneys for Defendant PORTFOLIO RECOVERY ASSOCIATES, INC.

# CERTIFICATE OF SERVICE

### *Nechele Hammock Pro Se' v. Portfolio Recovery Associates, Inc.*
### USDC (Central) Case No. CV11-10541 SVW (FMOx)

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On February 2, 2012, I served the document(s) entitled, **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY**, on the interested parties in this action by placing true and correct copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**Nechele Hammock, Pro Se'**           **IN PRO PER**
**418 N. Exton Avenue**
**Inglewood, CA 90302**
Email: <u>nechele@yahoo.com</u>

☒ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION):** I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☐ **(VIA OVERNIGHT MAIL):** I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY HAND DELIVERY):** I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached service/mailing list.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on February 2, 2012, at Los Angeles, California.

*/s/ Robin Mojica*
Robin Mojica

1
**CERTIFICATE OF SERVICE**

31297015.A2481