Nechele Hammock, Pro Se'
418 N. Exton Avenue
Inglewood, CA 90302
No phone/No Fax
nechele@yahoo.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Nechele Hammock Pro Se'<br>Plaintiff<br><br>V.<br><br>Portfolio Recovery Associates, LLC.<br>is a Limited Liability Corporation<br>(LLC.)<br>Defendant(s)<br><br>Does 1 through 10 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 11-10541-SVW(FMOx)<br><br>**AMENDED COMPLAINT I** - SVW (FMOx)<br><br>**VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. 1681 et seq.**<br><br>**TRIAL BY JURY** |

---

TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**Comes now** the Plaintiff Nechele Hammock :

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act (FCRA) *15 U.S.C. § 1681 et seq*.

**PRELIMINARY STATEMENT**

2. Ther is an action for damages; brought for damages for the violation of the Fair Credit Reporting Act (FCRA) 15 USC §1681, *et seq.*

## JURISDICTION

3. Jurisdiction of ther court arises pursuant to *15 U.S.C. §1681p* and *28 U.S.C. §1331.*

4. All conditions precedence to the bringing of ther action has been performed.

## VENUE

5. The Plaintiff, Nechele Hammock is a natural person and is a resident of the County of Los Angeles, State of California, and the action occurred here.

*6.* The Defendant, Portfolio Recovery Associates, LLC., transacts business in the State of California and in ther District.

## PARTIES

7. At all times hereinafter mentioned, The Plaintiff is a resident of Los Angeles County, State of California. Nechele Hammock, ("hereinafter Plaintiff").

8. The Defendant Portfolio Recovery Associates, LLC ("hereinafter PRA") is a Limited Liability Corporation (LLC), form unknown, with office at 140 Corporate Boulevard, Norfolk, VA 23502.

## FACTUAL ALLEGATION

*9.* The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(a)(4) reads in relevant part: *"There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a* ***respect for the consumer's right to privacy".*** (Emphasis added).

10. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(b) reads in relevant part: "(b) *Reasonable procedures.* It is ***the purposes of ther title*** to require that consumer reporting agencies adopt reasonable procedures for meeting the

needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable ***to the consumer***, with regard to the ***confidentiality,*** accuracy, relevancy, and proper utilization of such information in accordance with the requirements of ther title". (***Emphasis added***).

11. Thus, the strictly limited provisions set forth in section 1681(b) operate to support the ***confidentiality*** of consumer reports by limiting their dissemination.

12. On or about April 3, 2011, Plaintiff received her credit report from a major credit reporting agency TransUnion, and found an entry by an entity that was unknown within the credit report.

13. Plaintiff observed and investigated her TransUnion credit report and discovered that PRA obtained her credit report on or about July 2010, Sept. 2010, and Feb. 2011 without her expressed consent.

14. Discovery of the violation of impermissible purpose brought forth herein occurred on or about April 2011 and are within the statute of limitations as defined in the FCRA *15 U.S.C. § 1681p.*

15. PRA is in violation of the Fair Credit Reporting Act (FCRA) *15 U.S.C. § 1681b by* obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that PRA obtained Plaintiff's credit report, **none of the** specific and strictly **limited circumstances granting permissible purpose under section 1681(b) applied to PRA.**

16. At or about the time PRA obtained Plaintiff consumer credit report:

A. Plaintiff did not authorize consumer reporting agency TransUnion to furnish her consumer report to PRA.

B. Plaintiff did not authorize PRA to obtain her consumer report from TransUnion.

C. Plaintiff did not apply for any credit, loan, or services with PRA.

D. Plaintiff did not have any contractual relationship for credit, loan, or services with PRA.

E. Plaintiff did not owe any debt to PRA.

F. Plaintiff did not owe any debt as the result of a judgment to PRA.

G. Plaintiff did not apply for any employment with PRA.

H. Plaintiff did not apply for any insurance from PRA.

I. Plaintiff did not have any existing account or credit obligation with PRA.

J. Plaintiff was not named as an "authorized user" on any account with PRA

K. No court having jurisdiction issued any order to TransUnion to furnish Plaintiff's consumer report to PRA.

L. No head of State or local child support enforcement agency requested TransUnion to provide Plaintiff's consumer report to PRA.

M. No agency administering a state plan under section 454 of the Social Security Act (42 U.S.C. § 654) requested TransUnion to provide Plaintiff's consumer report to PRA.

N. Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through PRA.

O. Plaintiff did not receive any "firm offer of credit or insurance" from PRA.

**Count I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT(FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT PRA**

17. Plaintiff restates and reiterates herein all previous paragraphs 1-16.

18. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

19. TransUnion is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).

20. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

21. At no time did Plaintiff give her consent for PRA to acquire her consumer credit report from any credit reporting agency.

22. The action of PRA obtaining the consumer credit report of the Plaintiff on July of 2010, September of 2010, and February of 2011, with no permissible purpose or Plaintiff's consent, which was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against PRA for statutory damages of $3000.00, punitive damages to be determined by ther honorable court, attorney's fees, pursuant to 15 U.S.C. § 1681n.

**"DEMAND FOR JURY TRIAL"**

Plaintiff hereby DEMANDS a trial by jury of all issues as a matter of law.

DATE: January 30, 2012

Nechele Hammock
418 N. Exton Avenue
Inglewood, CA 90302
nechele@yahoo.com