1  Renee Choy Ohlendorf (SBN: 263939)
   rohlendorf@hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   11601 Wilshire Blvd., Suite 800
3  Los Angeles, CA 90025
   Telephone:  310-909-8000
4  Facsimile:   310-909-8001

5  Attorneys for Defendant PORTFOLIO
   RECOVERY ASSOCIATES, INC.
6
7
8               UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION

11 | NECHELE HAMMOCK, PRO SE | **Case No. CV11-10541 SVW (FMOx)**
12 |            Plaintiff,   | (Assigned to the Honorable
13 |       v.                | Steven V. Wilson, Courtroom 6)
14 | PORTFOLIO RECOVERY      | **NOTICE OF ENTRY OF ORDER RE: STATUS CONFERENCE**
   | ASSOCIATES, INC.; and DOES 1
15 | through 10 inclusive.   |
16 |            Defendants.  |
17 |                         | Action Filed:  December 23, 2011
18
19   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD
20 HEREIN:**
21   **PLEASE TAKE NOTICE** that on February 2, 2012, the Court entered an
22 Order Re: Status Conference, a true and correct copy of which is attached hereto as
23 Exhibit A.
24 DATED: February 10, 2012         HINSHAW & CULBERTSON LLP
25
26                                  By:   *s/Renee Choy Ohlendorf*
27                                        Renee Choy Ohlendorf
                                          Attorneys for Defendant PORTFOLIO
28                                        RECOVERY ASSOCIATES, INC.

                                    1
NOTICE OF ENTRY OF ORDER RE: STATUS CONFERENCE

31304507 0931637

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nechele Hammock, | ) CASE NO:2:11-cv-10541-SVW-FMOx |
| Plaintiff(s), | ) ORDER RE: STATUS CONFERENCE |
| v. | ) |
| Portfolio Recovery Associates Inc, | ) |
| Defendant(s). | ) |

IT IS HEREBY ORDERED that a Status Conference be set for Monday, March 12, 2012 at 3:00 p.m. before the Honorable Stephen V. Wilson. The attorneys attending this conference MUST be those who are in charge of the conduct of the trial. Attendance is mandatory.

This Court views this status conference as critical to its case management responsibilities. Counsel are required to approach it with the same seriousness.

IT IS FURTHER ORDERED that counsel meet and confer prior to conference in accordance with Local Rule 26,

///

///

however, counsel are not required to file any documents, such as an Early Meeting Report or the Status Conference Report.

<u>Failure on the part of counsel to participate knowledgeably in the conference may result in sanctions</u>.

IT IS FURTHER ORDERED that, at the Status Conference, counsel <u>must</u> be fully prepared to inform the Court of the following:

 (1) the theory of the case, both factual and legal,
 (2) settlement potential and approaches including an examination of whether a limited trial on certain bifurcated issues could lead to an overall disposition of the case,
 (3) length of trial, jury vs non-jury, unusual trial problems, etc.,
 (4) motions to be filed and an explanation for their necessity.

This Court <u>will not</u> continue this status conference except upon a showing of good cause.

**(Rule 26f)** Counsel should view the discovery period as a time for the orderly and <u>cooperative</u> exchange of information essential to a resolution of the case. Sanctions will be imposed if counsel impede the discovery process through contentiousness and over-litigiousness. In short, the Court does not view the pre-trial process as an arena or a series of hostile skirmishes, but rather as a structure through which legal and factual positions are openly and candidly exchanged. The goal must be the early

1  and inexpensive settlement of the cases or the refinement of
2  issues for trial.
3       All discovery matters have been referred to a
4  United States Magistrate Judge <u>as provided in this Court's
5  Standing Order</u>.  Discovery disputes of a significant nature
6  should be brought promptly before the Magistrate Judge.  The
7  Court does not look favorably upon delay resulting from
8  unnecessarily unresolved discovery disputes.  Any discovery
9  disputes that are not resolved three (3) weeks prior to the
10 scheduled trial date should be brought promptly and directly
11 to the attention of <u>this Court</u>.
12      Plaintiff's counsel, or counsel for defendant if
13 plaintiff is pro se, is to provide <u>written notice</u> of this
14 conference and the meeting requirements to any parties
15 appearing, who are known and not yet formally appeared, on
16 or after the date of this order.
17      If this case was removed from state court and if
18 plaintiff wants to seek a remand, plaintiff's counsel should
19 file an Ex Parte Application for Remand not later than
20 fourteen (14) days prior to the conference.
21 Defendants should file any opposition to the Ex Parte
22 Application for Remand not later than seven (7) days prior
23 to the conference.
24 DATED: February 2, 2012

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

3

# CERTIFICATE OF SERVICE

***Nechele Hammock Pro Se' v. Portfolio Recovery Associates, Inc.***
**USDC (Central) Case No. CV11-10541 SVW (FMOx)**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On February 10, 2012, I served the document(s) entitled, **CAPTION**, on the interested parties in this action by placing true and correct copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**Nechele Hammock, Pro Se'**          **IN PRO PER**
**418 N. Exton Avenue**
**Inglewood, CA 90302**
**Email: nechele@yahoo.com**

☒ **(BY MAIL):**   I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION):**   I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☐ **(VIA OVERNIGHT MAIL):**   I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY HAND DELIVERY):** I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached service/mailing list.

☒ **(BY ELECTRONIC MAIL):**   By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on February 10, 2012, at Los Angeles, California.

_____
Melanie Davis

1
**CERTIFICATE OF SERVICE**

31304507.0931637