Nechele Hammock, Pro Se'
418 N. Exton Avenue
Inglewood, CA 90302
nechele@yahoo.com
424-235-0161

2012 MAR -8 PM 2:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nechele Hammock Pro Se'<br>Plaintiff<br><br>V.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC. is a Limited Liability Corporation (LLC.)<br><br>Defendant<br><br>Does 1 through 10 | Case No: 11-CV-10541 SVW (FMO)<br><br>**NOTICE OF OPPOSITION OF DEFENDANTS EX PARTE APPLICATION TO STRIKE PLANTIFF'S REQUEST TO LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Steven V. Wilson, Courtroom 6) |

## DECLARATION OF NECHELE HAMMOCK

1. I am over the age of 18 and am the Plaintiff of this action. I have personal knowledge of the matters set forth below, and am of sound mind and can and will testify competently thereto if asked to do so.

2. On March 7, 2011 at 5:13 pm, I was served with Defendants Ex Parte Application to Strike Plaintiff's Request to Leave to File Second Amended Complaint, Declaration of Renee Choy Ohlendorf in Support of Defendants Ex Parte Application to Strike Plaintiff's Request to Leave to File Second Amended Complaint Or Alternatively, To Set Hearing Date, and [Proposed] Order on Defendants Ex Parte Application to Strike Plaintiff's Request to Leave to File Second Amended Complaint Or Alternatively, To Set Hearing Date. Under Defendant's Counsels own admission, I was notified of her intent to file the

Ex Parte application at 5:08 pm on March 6, 2012 by voicemail and at 5:11 pm on March 6, 2012 by email as stated in her declaration page 2 paragraph 4 and 5 and attached as Defendant's Exhibit A, which is not in compliance of Honorable Stephen V. Wilson's procedures.

3. Additionally on March 6, 2012, at 5:11 pm, I received an email from the Defendants Counsel, stating that she never received the mailing of my Request of Leave to File Second Amended Complaint, and Second Amended Complaint. Additionally Defendant's Counsel stated that she intended to file an ex parte application to strike my request. Immediately upon being apprised that my filing had not been received by Defendant's Counsel, I went to the post office and send another copy to Defendant's Counsel by certified mail after learning that my first mailing on Friday, March 2, 2012 to remedy the situation. Please see the Certified Mail proof of mailing 7010 1870 0000 1203 3533 (see Exhibit A proof of mailing).

4. During my email March 6, 2012 at 10:40:38 pm, confirming receipt of defendants counsels email, I also noted that Defendant's Counsel was violating 15 U.S.C. § 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken. This fact was mentioned to defendant's counsel because on numerous occasions, threats were made in reference to lodging a Rule 11 Motion against me for a frivolous filing. Defendant's Counsel went as far as to list this threat in the Joint 26F Discovery Report. (see Exhibit B, Page 3 )

5. Plaintiff believes that there is no basis for Defendant's Counsel Ex Parte application and requests that the court impose sanctions pursuant to *Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989); Mission Power Engineering Co. v. Continental Casualty Co., 883F. Supp. 488, 489 (C.D. Cal 1995).* Plaintiff has made all efforts to properly comply with courts procedures and therefore Defendants Counsels actions of sending ex parte motions to the court is inappropriate and improper and I request that sanctions be imposed as deemed by the court.

# CONCLUSION

The Defendant's Ex Parte motion should be denied with prejudice due to the fact that the Defendant's Counsel did not comply with the Judges' Procedures for filing an Ex Parte application. By their own admission, on page 2, paragraph 4 and 5 and in Exhibit A of the Declaration of Renee Choy Ohlendorf in Support of Defendants Ex Parte Application to Strike Plaintiff's Request to Leave to File Second Amended Complaint Or Alternatively, To Set Hearing Date, defendant's counsel did not notify the Plaintiff within the time period disclosed in the procedures (by 3pm on the first business day succeeding the day the ex parte was served). Additionally defendant's counsel did not prove that there was an extraordinary relief sought and merely used the Ex Parte application as a method to make a motion to strike the Request of Leave to File Second Amended Complaint.

In view of the foregoing, it is respectfully submitted that the defendant's ex parte motion should be denied.

DATE: March 8, 2012

_____
Nechele Hammock
418 N. Exton Avenue
Inglewood, CA  90302
nechele@yahoo.com
424-235-0161

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __LOS ANGELES__

On __MARCH 08, 2012__ before me, __MARLOW ADASA BERTULANO, NOTARY PUBLIC__
           Date                          Here Insert Name and Title of the Officer

personally appeared __NECHELE CLARA HAMMOCK__
                                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                    Signature of Notary Public

[Notary Seal: MARLOU ADASA BERTULANO, Commission # 1900518, Notary Public - California, Los Angeles County, My Comm. Expires Aug 20, 2014]

Place Notary Seal Above

——————————— OPTIONAL ———————————

# EXHIBIT A

Case 2:11-cv-10541-SVW-FMO   Document 24   Filed 03/08/12   Page 5 of 14   Page ID #:147



# EXHIBIT B

Nechele Hammock, Pro Se'
418 N. Exton Avenue
Inglewood, CA 90302
No Phone No Fax
Nechele@yahoo.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nechele Hammock, Pro Se'<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>Defendant. | Case No. 11-CV-10541 SVW (FMO)<br><br>**RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN**<br><br>Scheduling Conference: 3/12/2012<br>Time: 3:00 p.m.<br>Courtroom: 6<br>Judge: Honorable Steven V. Wilson |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), the parties met and conferred telephonically on February 21 2012, and submit the a 26(f) Report and Proposed Discovery Plan.

**A.    A short statement of claims, counterclaims, and affirmative defenses.**

**Plaintiff:**    Plaintiff Nechele Hammock ("Plaintiff") alleges that Defendant Portfolio Recovery Associates, LLC ("Defendant") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.*, by obtaining his credit report in July 2010, September 2010 and February 2011, without a permissible purpose.

Plaintiff alleges she is entitled to statutory damages, actual damages, attorney's fees and costs.

**Defendant:** Defendant denies Plaintiff's allegations, denies violating the FCRA, denies violating any laws, and denies that Plaintiff is entitled to any damages, attorneys' fees, costs or other relief. Defendant had a permissible purpose for obtaining Plaintiff's credit information. Even assuming *arguendo* that any violation occurred, which Defendant denies, any such violation would have been unintentional in nature and the result of a *bona fide* error notwithstanding reasonable policies and procedures reasonably adapted to avoid such error.

**B.   A brief description of the key legal issues.**

**Plaintiff:** The major legal issues presented in this case are whether Defendant had a permissible purpose to obtain Plaintiff's consumer credit report and if Defendant violated FDCPA and California Rosenthal.

**Defendant:** The operative complaint alleges only a purported violation of the FCRA. As Plaintiff has not alleged any purported violations by Defendant of the FDCPA and/or the California Rosenthal Act, any such violations are not at issue, contrary to Plaintiff's assertions.

**C.   A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.**

31315376v1 0931637

**Plaintiff:** Plaintiff reserves the right to file an amended complaint adding additional causes of action and other parties.

**Defendant:** Plaintiff has provided Defendant with a proposed second amended complaint, which would add as Defendants PRA's in-house litigation counsel, Keith McGurgan, as well Portfolio Recovery Associates, Inc., which Plaintiff previously dismissed. Should Plaintiff move to file the proposed second amended complaint, Defendant may oppose the motion and move for Rule 11 sanctions.

**D. Insurance Coverage:**

**Plaintiff:** Plaintiff is not aware of the defendant's insurance coverage.

**Defendant:** Defendant has not tendered this claim to its insurance carrier.

**E. A discussion of discovery and experts pursuant to Rule 26(f).**

**Plaintiff:** The plaintiff agrees to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints. The plaintiff believes that any information pertaining to the communication between Plaintiff and Defendants, and each of them, both written and oral will need to be discovered. The plaintiff agrees to limit the number of written discovery requests as set forth in the Federal Rules of Civil Procedure. The plaintiff further agrees to a maximum of three (3) depositions to be taken by each party, excluding expert depositions.

1) Plaintiff's discovery will be directed toward Defendant obtaining Plaintiff credit report and the subsequent FDCPA and California Rosenthal violations. Plaintiff will also conduct discovery into Defendant's affirmative defenses. Plaintiff intends to conduct depositions and propound written discovery.

2) Expert witness disclosures: The plaintiff agrees to the time for expert witness disclosures set forth in FRCP 26(a)(2)(C).

4) Electronically stored information: The plaintiff has not identified nor anticipates issues to arise relating to the identification, maintenance and production of electronically stored information.

5) Discovery conducted thus far: The plaintiff has not yet conducted discovery.

6) Discovery Limitations: None except as stated above.

**Defendant:** Defendant anticipates that discovery will need to be conducted regarding the following subjects: (1) any and all communications between Plaintiff and Defendant; (2) any and all information pertaining to Plaintiff's allegations and alleged damages suffered; and (3) any and all information pertaining to Defendant's Affirmative Defenses.

Defendant further anticipates propounding Interrogatories, Requests for Production, and Requests for Admission. Defendant will depose Plaintiff, and other persons with knowledge of her alleged damages as discovery disclosures may indicate. No changes should be made in the timing, form, or requirement for disclosures under FRCP 26(a). However, *Defendant anticipates the need for a*

4

*protective order to be entered by the Court regarding certain information that will likely be requested by Plaintiff in discovery.* The scope, use, and numbers of discovery procedures and devices will be as permitted by law. Discovery will be conducted in accordance with the FRCP.

**F.  A description of any issues which may be resolved by motions for summary judgment.**

    **Plaintiff:**   None

    **Defendant:** Defendant may bring a motion for summary judgment after discovery has concluded.

**G.  A brief description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.**

    **Plaintiff:**   The plaintiff has made a settlement offer in good faith but was unable to reach an agreement. The plaintiff consents to mediation through the Court's ADR program/mediator panel.

    **Defendant:** Defendant has made two settlement offers, both of which were rejected by Plaintiff. Defendant elects ADR Procedure No. 1, mediation before the assigned magistrate judge, pursuant to L.R. 16-15.4

**H.  A realistic time estimate required for trial and whether it will jury or court.**

    Plaintiff has requested a jury trial and anticipates a 2or 3 day trial.

**I.   Proposed dates.**

**Plaintiff:** The plaintiff has disclosed the following dates:

1) Fact discovery cut-off = September 20, 2012

2) Expert Witness Disclosure = September 3, 2012

3) Rebuttal Expert Witness Disclosure = September 27, 2012

4) Expert discovery cut-off = October 29, 2012

5) Motion hearing date cut-off = November 19, 2012

6) Pre-trial conference = December 5, 2012

7) Trial = January 7, 2012

**Defendant:**

| | |
|---|---|
| Fact Discovery Cut-Off: | September 20, 2012 |
| Plaintiff's Expert Disclosures: | September 27, 2012 |
| Defendant's Expert Disclosures: | October 4, 2012 |
| Motion Hearing Cut-Off: | November 29, 2012 |
| Pre-trial Conference: | January 10, 2013 |
| Trial: | January 21, 2013 |

**J.   Any other matters affecting the status of the case.**

None.   **K.   Disclosure By Corporate Parties**

Defendant filed the "Certification of Interested Entities or Persons" on February 2, 2012. As stated in the certification, Defendant believes that the following listed persons (i) have a financial interest in the subject matter in

31315376v1 0931637

controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could substantially be affected by the outcome of this proceeding: Portfolio Recovery Associates, LLC.

**L.  Patent Cases.**

Not applicable.

Respectfully submitted:

Date: 02/20/2012

/s/ Nechele Hammock
Nechele Hammock
Plaintiff in Pro Se'

Dated: _____

HINSHAW & CULBERTSON, LLP

_____
Renee Choy Ohlendorf
Attorney for Defendant
Portfolio Recovery Associates, LLC