Nechele Hammock, Pro Se'
418 N. Exton Avenue
Inglewood, CA 90302
nechele@yahoo.com
424-235-0161

FILED
CLERK U.S. DISTRICT COURT
MAR 12 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Nechele Hammock Pro Se' )
Plaintiff )
)
V. )
)
**PORTFOLIO RECOVERY** )
**ASSOCIATES, LLC. is a Limited** )
**Liability Corporation (LLC.)** )   Case No: 11-CV-10541 SVW (FMO)
)
**PORTFOLIO RECOVERY** )
**ASSOCIATES, INC., is a** )   SECOND AMENDED COMPLAINT
**Corporation (INC.)** )
)
**KEITH MCGURGAN,** )   TRIAL BY JURY
**individually and as Litigation** )
**Counsel of PRA, LLC and PRA,** )   (Assigned to the Honorable Steven V.
**Inc.** )   Wilson, Courtroom 6)
)
Defendant(s) )
)
Does 1 through 10 )
)

## SECOND AMENDED COMPLAINT

**Comes now** Nechele Hammock (hereinafter "Plaintiff")

1.  Plaintiff contends she has discovered additional information and violation concerning Portfolio Recovery Associates, LLC. (hereinafter "PRA, LLC")Portfolio Recovery Associates, Inc. ("hereinafter PRA, Inc.") and KEITH McGurgan, (hereinafter

1. "MCGURGAN" or "Defendants"), submit this Second Amended Complaint as to these parties concerning Claims that arises out of violations of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692 et seq., and Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788 et seq. (hereinafter "ROSENTHAL"), also violation Fair Credit Reporting Act ("hereinafter FCRA") 15 U.S.C. §§ 1681 et seq., by and through the Defendants.

2. Plaintiff brings this lawsuit to challenge the actions and inactions of Defendants, with regards to their attempts to unlawfully and abusively collect a nonexistent allegedly owed debt by Plaintiff, and the conduct of each has caused Plaintiff to suffer damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety. Unless otherwise stated, the conduct engaged in by Defendants took place in state of California, County of Los Angeles.

5. All actions of Defendants constituting violations as alleged were carried out knowingly, willfully, and with intent, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Plaintiff's Complaint is based on the Fair Credit Reporting Act (FCRA) *15 U.S.C. § 1681 et seq.*

## PRELIMINARY STATEMENT

7. This is an action for damages; for the violation of the Fair Credit Reporting Act (FCRA) 15 USC §1681, *et seq.* damages for violation of the FCRA; damages for violation of the FDCPA; damages for violation of ROSENTHAL.

## JURISDICTION and VENUE

8. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. §1681p, subject matter jurisdiction properly founded upon 28 U.S.C. § 1331, supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C § 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The venue is proper in this District because the act occurred in this District and Plaintiff resides in this District.

11. The occurrences which gives rise to this action occurred in Los Angeles County, California and Plaintiff resides in Los Angeles County, California.

12. Venue is proper in the Central District of California.

## PARTIES

13. Plaintiff is a natural person and a resident of State of California, County of Los Angeles. This is an action for damages brought by "consumer" as defined in 15 U.S.C. § 1692a(3) and a "debtor" as defined in Cal. Civil Code § 1788.2(h).

14. The Plaintiff, Nechele Hammock is a natural person and is a resident of the County of Los Angeles, State of California, and the action occurred here.

15. The Defendants in this lawsuit are as follows:

16. PRA, LLC and PRA, Inc. are a Delaware Corporation; form unknown, with offices located at 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502, and 140 Corporate Boulevard, Norfolk, VA 23502, who transacts business as a debt collector in Los Angeles County California as defined by the FDCPA § 1692a(6).

17. Upon information and belief Defendants PRA, LLC and PRA, Inc. are debt collectors as the phrase is defined by the FDCPA § 1692a(6), and Cal. Civil Code § 1788.2(c).

18. Upon information and belief McGURGAN are individuals, and are Litigation Counsel of PRA, LLC and PRA, Inc. Individually, and within their capacity as Litigation Counsel of PRA, LLC and PRA, Inc., McGURGAN formulated, directed, and controlled the acts and practices of PRA, LLC and PRA, Inc., including the acts and practices alleged herein. At all times, relevant to this complaint, Defendant McGURGAN, individually and acting through PRA, LLC and PRA, Inc., has transacted business in this district.

19. "Employees can be held personally liable under the FDCPA." Robinson v. Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see Schwarm v.Craighead, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

20. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C., 518 F.3d 433, 437-38 (6th Cir. 2008); del Campo v. Kennedy, 491 F. Supp. 2d 891, 903

(N.D.Cal.2006); Brumbelow v. Law Offices of Bennett & Deloney, P.C., 372 F.Supp.2d 615, 618-21 (D. Utah 2005); Albanese v. Portnoff Law Assocs., Ltd., 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); Musso v. Seiders, 194 F.R.D. 43, 46-47 (D.Conn.1999); Brink Case 3:10-cv-08222-JAT Document 1 Filed 11/15/10 Page 2 of 6Complaint - 3 v. First Credit Res., 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); Pikes v. Riddle, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); Ditty v. CheckRite, Ltd., 973 F. Supp. 1320, 1337-38 (D. Utah 1997); Newman v. Checkrite Cal., Inc., 912 F. Supp. 1354, 1372 (E.D. Cal.1995); Teng v. Metro. Retail Recovery Inc., 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

21. Upon information and belief Defendants PRA, LLC and PRA, Inc. and McGURGAN are debt collectors as the phrase is defined by the FDCPA § 1692a(6), and Cal. Civil Code § 1788.2(c).

## STATEMENT OF FACTS

22. The alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by Cal. Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

23. The Definition of "Debt" as an obligation for money, goods, insurance, or services for primarily personal, family, or household purposes, pursuant to 15 U.S.C. § 1692a(5).

24. Plaintiff current position as to the validity of this alleged debt is the debt is non-existent.

## FACTUAL ALLEGATION

25. On or about October 24, 2011, Plaintiff sent a Notice of Intent to Sue and demand for **Validation** letter to PRA, LLC and PRA, Inc **Disputing** the alleged debt, by Certified mail with Receipt No. 7011 0470 0000 5649 5645. Said certified mail was received by PRA, LLC and PRA, Inc. and McGURGAN on October 31, 2011, according to the PS Form 3811.

26. On or about November 9, 2011, Plaintiff sent a Notice of Pending Lawsuit by Certified mail with Receipt No. 7011 0470 0000 5616 3001. Said certified mail was received by PRA, LLC and PRA, Inc. and McGURGAN on November 14, 2011, according to the PS Form 3811.

Page 4 of 10
SECOND AMENDED COMPLAINT

27. *McGURGAN emailed a notice to Plaintiff dated January 27, 2012, Said letter failed to note the Mini-Miranda or to validate the nonexistent alleged debt, however the contents of this email constitutes continued collection activity from a debt collector without validating the alleged debt, after receiving the* **VALIDATION request from Plaintiff on January 29, 2012**, *in violation of FDCPA 15 U.S.C. § 1692g.*

28. Defendants written communication dated January 27, 2012, failed to validate an alleged debt, they violated Plaintiff's rights by use of false, deceptive, or misleading representations or means, in violation of the FDCPA, 15 U.S C. § 1692e.

29. Upon inspection, information and belief, Plaintiff discovered that PRA, LLC and PRA, Inc. and McGURGAN obtained his consumer credit report of TransUnion, on or about July 2010, September 2010 and February 2011 in violation of the FCRA *15 U.S.C. § 1681b.*

30. Discovery of the violation of FCRA brought forth herein occurred on or about April of 2010 and are within the statute of limitations as defined in the FCRA *15 U.S.C. § 1681p.*

31. On or about April 3, 2011, Plaintiff received her credit report from a major credit reporting agency TransUnion, and found an entry by an entity that was unknown within the credit report.

32. Upon inspection, information and belief, Plaintiff discovered that PRA, LLC and PRA, Inc. and McGURGAN obtained his consumer credit report of TransUnion, on July 2010, September 2010 and February 2011 in violation of the FCRA *15 U.S.C. § 1681b.*

33. Discovery of the violation of impermissible purpose brought forth herein occurred on or about April 2011 and are within the statute of limitations as defined in the FCRA *15 U.S.C. § 1681p.*

34. PRA, LLC and PRA, Inc. and McGURGAN is in violation of the Fair Credit Reporting Act (FCRA) *15 U.S.C. § 1681b by* obtaining Plaintiff's credit report without a permissible purpose from TransUnion, because at or about the time that PRA obtained Plaintiff's credit report, **none of the** specific and strictly **limited circumstances granting permissible purpose under section 1681(b) applied to PRA, Inc., PRA, LLC and MCGURGAN.**

35. At or about the time PRA, LLC and PRA, Inc. and McGURGAN obtained Plaintiff consumer credit report:

A. Plaintiff did not authorize consumer reporting agency TransUnion to furnish her consumer report to PRA, LLC and PRA, Inc. and McGURGAN.
B. Plaintiff did not authorize PRA, LLC and PRA, Inc. and McGURGAN to obtain her consumer report from TransUnion.
C. Plaintiff did not apply for any credit, loan, or services with PRA, LLC and PRA, Inc. and McGURGAN.
D. Plaintiff did not have any contractual relationship for credit, loan, or services with PRA, LLC and PRA, Inc. and McGURGAN.
E. Plaintiff did not owe any debt to PRA, LLC and PRA, Inc. and McGURGAN.
F. Plaintiff did not owe any debt as the result of a judgment to PRA, LLC and PRA, Inc. and McGURGAN.
G. Plaintiff did not apply for any employment with PRA, LLC and PRA, Inc. and McGURGAN.
H. Plaintiff did not apply for any insurance from PRA, LLC and PRA, Inc. and McGURGAN.
I. Plaintiff did not have any existing account or credit obligation with PRA, LLC and PRA, Inc. and McGURGAN.
J. Plaintiff was not named as an "authorized user" on any account with PRA, LLC and PRA, Inc. and McGURGAN
K. No court having jurisdiction issued any order to TransUnion to furnish Plaintiff's consumer report to PRA, LLC and PRA, Inc. and McGURGAN.
L. No head of State or local child support enforcement agency requested TransUnion to provide Plaintiff's consumer report to PRA, LLC and PRA, Inc. and McGURGAN.
M. No agency administering a state plan under section 454 of the Social Security Act (42 U.S.C. § 654) requested TransUnion to provide Plaintiff's consumer report to PRA, LLC and PRA, Inc. and McGURGAN.
N. Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through PRA, LLC and PRA, Inc. and McGURGAN.
O. Plaintiff did not receive any "firm offer of credit or insurance" from PRA, LLC and PRA, Inc. and McGURGAN.

36. The Plaintiff sent a Notice of Pending Lawsuit ("NOPL") to the Defendants, and said NOPL was received on November 9, 2011, as shown on return receipt.

37. PRA, LLC and PRA, Inc. and McGURGAN failed to validate the alleged debt, they violated Plaintiff's rights by use of false, deceptive, or misleading representations or means in order to collect, in violation of the FDCPA, 15 U.S.C. §1692e

## Count I
## VIOLATION OF THE FCDPA 15 U.S.C. § 1692
### By PRA, LLC, PRA, Inc AND McGURGAN

38. *Plaintiff re-alleges the allegation set forth in paragraphs 1-47.*

39. The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a(3)

40. Defendants are debt collectors as defined in 15 U.S.C. § 1692a(6)

41. Defendants violated 15 U.S.C § 1692g Failure to send the consumer a 30-day validation notice within five days of the initial communication. Plaintiff Demands the statutory amount of $ 1000.00.

42. Defendants violated 15 U.S.C § 1692g(a)(3) Must state Right to Dispute within 30 days. Plaintiff Demands the statutory amount of $ 1000.00.

43. Defendants violated 15 U.S.C § 1692e, by false, deceptive, or misleading representation or means in connection with the debt collection. Plaintiff Demands the statutory amount of $ 1000.00.

44. Defendants violated 15 U.S.C § 1692e(2)(A), in the character, amount, or legal status of the alleged debt. Plaintiff Demands the statutory amount of $ 1000.00.

45. Defendants violated 15 U.S.C § 1692e(10) by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer. Plaintiff Demands the statutory amount of $ 1000.00.

46. Defendants violated 15 U.S.C § 1692f(1), Unfair Practices, attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff Demands the statutory amount of $ 1000.00.

47. Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C § 1692(k).

**WHEREFORE,** Plaintiff demands judgment for damages against each and every Defendant

individually, **PRA, LLC, PRA, Inc AND McGURGAN**, for actual or statutory damages, attorney's fees and cost, pursuant to 15 U.S.C. § 1692(k).

## <u>Count II</u>
## <u>VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788 et seq.</u>
### By PRA, INC, PRA, LLC, AND McGURGAN

48. *Plaintiff re-alleges the allegation set forth in paragraphs 1-59.*

49. Pursuant to § 1788.2(C) the Defendants are debt collectors, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.

50. Defendants are subject to the Rosenthal Fair Debt Collection Act (Cal. Civil Code § 1788-§ 1788.33 et. seq.)

51. Defendants are liable for out-of-pocket expenses Plaintiff paid due to the violation(s). If Plaintiff shows Defendants intentionally violated the law, Defendants must also pay up to $1000.00 for each violation, pursuant to § 1788.30(a.-g.).

52. Defendants violated 15 U.S.C § 1692g, as incorporated by ROSENTHAL § 1788.17, Failure to send the consumer a 30-day validation notice within five days of the initial communication. Plaintiff Demands the statutory amount of $1000.00.

53. Defendants violated 15 U.S.C § 1692g(a)(3), as incorporated by ROSENTHAL § 1788.17, Must state Right to Dispute within 30 days. Plaintiff Demands the statutory amount of $1000.00.

54. Defendants violated 15 U.S.C § 1692e, as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation or means in connection with the debt collection. Plaintiff Demands the statutory amount of $1000.00.

55. Defendants violated 15 U.S.C § 1692e(2)(A), as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation of the amount of the alleged debt. Plaintiff Demands the statutory amount of $1000.00.

56. Defendants violated 15 U.S.C § 1692e(10), as incorporated by ROSENTHAL § 1788.17, by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer. Plaintiff Demands the statutory amount of $1000.00.

57. Defendants violated 15 U.S.C § 1692f(1), as incorporated by ROSENTHAL § 1788.17, Unfair Practices, attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff Demands the statutory amount of $1000.00.

58. Defendants violated ROSENTHAL 1788.13(l) any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency. Plaintiff Demands the statutory amount of $1000.00.

59. Defendants violated § 1788.17 of the ROSENTHAL by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

**WHEREFORE,** Plaintiff demands judgment against each and every Defendant individually, PRA, INC, PRA, LLC, AND McGURGAN for actual or statutory damages in the amount of $9,000.00, attorney's fees and costs, pursuant to Cal. Civil Code § 1788.30(a), Cal. Civil Code § 1788.30(c) and any other relief that this Honorable Court deems appropriate.

## Count III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT
## By PRA, LLC, PRA, Inc AND McGURGAN

60. *Plaintiff re-alleges the allegation set forth in paragraphs 1-68.*
61. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).
62. TransUnion is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).
63. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).
64. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.
65. Such permissible purpose as defined by 15 U.S.C. § 1681b are generally, if the consumer makes and application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona-fide offer of credit as a result of the inquiry.

66. Plaintiff has never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona-fide offer of credit from PRA, LLC and PRA, Inc. and McGURGAN to acquire his consumer report from any credit reporting agency.

67. At no time did Plaintiff give his consent for PRA, LLC and PRA, Inc. and McGURGAN to acquire his consumer credit report from any credit reporting agency.

68. The action of PRA, LLC and PRA, Inc. and McGURGAN obtaining the consumer credit report on July of 2010, September of 2010, and February of 2011, of the Plaintiff with no permissible purpose or Plaintiff's consent, which was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy, and thereby damaged Plaintiff by causing Plaintiff's credit score, credit report to decline, resulting in credit denial, higher interest rates and public humiliation.

**WHEREFORE**, Plaintiff demands judgment against each and every Defendant individually, PRA, INC, PRA, LLC, AND McGURGAN for actual or statutory damages in the amount of $3,000.00, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE,** Plaintiff demands judgment against PRA, INC, PRA, LLC, and McGURGAN, individually for actual or statutory in the amount of $ 13,000.00 each Defendant, and punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1681(n), and 15 U.S.C. § 1681(o).

### "DEMAND FOR JURY TRIAL"

Plaintiff hereby DEMANDS a trial by jury of all issues as a matter of law.

DATE: March 8, 2012

_Nechele Hammock_
Nechele Hammock
418 N. Exton Avenue
Inglewood, CA 90302
nechele@yahoo.com
424-235-0161