UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re Defendants' Motion to Dismiss [28]; Defendant McGurgan's Motion to Dismiss [33]

**I.  INTRODUCTION**

Plaintiff Nechelle Hammock, acting *pro se*, filed the instant action on December 21, 2011. (Dkt. 1-3). On March 12, 2012, Plaintiff filed a Second Amended Complaint ("SAC"), naming as defendants Portfolio Recovery Associates, LLC ("PRA, LLC"); Portfolio Recovery Associates, Inc. ("PRA, Inc."); and Keith McGurgan (collectively, "Defendants"), alleging the three claims for relief: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) violation of the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*; and (3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Dkt. 27).

On March 26, 2012, Defendants PRA, LLC and PRA, Inc. filed a Rule 12(b)(6) Motion to Dismiss for failure to state a claim. (Dkt. 28). On April 10, 2012, Defendant McGurgan filed a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction.

For the reasons set forth below, Defendants PRA, LLC's and PRA, Inc's Motion to Dismiss, (Dkt. 28), is GRANTED as to Plaintiff's claims under the FDCPA and the Rosenthal Act, and DENIED as to Plaintiff's claim under the FCRA. Defendant McGurgan's Motion to Dismiss for Lack of Personal Jurisdiction, (Dkt. 33), is GRANTED.

**II.  LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. See Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). Accordingly, while a court is not required to accept a pleader's legal conclusions as true, the court must "draw all reasonable inferences in favor of the plaintiff, accepting the complaint's [factual] allegations as true." Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).

### III. DISCUSSION

The Court will first address Defendants PRA, LLC's and PRA, Inc.'s Rule 12(b)(6) Motion to Dismiss for failure to state a claim. (Dkt. 28).

#### A. FDCPA

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." Robinson v. Managed Accounts Receivable Corp., 654 F.Supp.2d 1051, 1057 (C.D. Cal. 2009). Defendants challenge the sufficiency of Plaintiff's SAC with respect to each of these three threshold requirements.

Plaintiff's pleadings are largely conclusory. Nevertheless, Plaintiff has sufficiently alleged that she is a "consumer" and, drawing all reasonable inferences in her favor, that the purported debt at issue is a "consumer debt." (See SAC, at ¶¶ 13, 14, 22, 23). Similarly, Plaintiff has sufficiently alleged that Defendants are "debt collectors" as defined by the FDCPA. (See SAC, at ¶¶ 16-17).

With respect to Plaintiff's allegations regarding Defendants' alleged acts or omissions in violation of the FDCPA, the Court will address each alleged violation in turn.

#### 1. 15 U.S.C. § 1692g

Pursuant to 15 U.S.C. § 1692g(a)(3), "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]"  15 U.S.C. § 1692g(a)(3).

This case in unusual in that the first communication alleged by Plaintiff was *not* an attempt by any Defendant to collect a debt from Plaintiff.  Instead, the only communications alleged in the SAC are the following:

- October 24, 2011:  Letter *from Plaintiff to Defendants* disputing the alleged debt (of which Plaintiff apparently became aware after viewing her credit report), notifying Defendants of her intent to sue, and demanding validation of the alleged debt.  (SAC, ¶ 25).
- November 9, 2011:  Notice of Pending Lawsuit sent *by Plaintiff to Defendants*.  (SAC, ¶ 26).
- [December 21, 2011:  Plaintiff filed original complaint in this action.  (Dkt. 1).]
- January 27, 2012:  Email from Defendants PRA, LLC's and PRA, Inc.'s attorney, Keith McGurgan, to Plaintiff.  (SAC, ¶ 27).

Defendants contend that none of these communications qualify as an "initial communication" under 15 U.S.C. § 1692g(a), and, therefore, that this claim fails as a matter of law.

### a. October 24, 2011 Letter and November 9, 2011 Notice of Pending Lawsuit

Plaintiff appears to contend that her October 24, 2011 letter and/or November 9, 2011 Notice of Pending Lawsuit constituted "initial communications" under 15 U.S.C. § 1692g(a).  In analogous circumstances, however, courts have held that only a communication *from a debt collector to a consumer* can qualify as an "initial communication with a consumer in connection with the collection of any debt" under § 1692g(a).

In Thomas v. Law Firm of Simpson & Cybak, the Seventh Circuit held that a letter from a creditor (as opposed to a debt collector) could not qualify as an "initial communication" under § 1692g(a).

> The FDCPA defines a "communication" broadly:  "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).  But, because the Act regulates debt collectors rather than creditors, *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), GMAC's letter to Thomas -- a letter from a creditor -- does not qualify as an "initial communication"

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

under the Act. Because the FDCPA makes debt collectors, but not creditors, responsible for notifying debtors of their validation rights, *see* 15 U.S.C. § 1692g(a), finding that a letter from a creditor constitutes an "initial communication" could create significant unintended obligations for debt collectors. For example, if a letter from a creditor constitutes an "initial communication," debt collectors would be responsible for notifying debtors of their debt validation rights within five days of an "initial communication" that the debt collector did not send, or for one communicated even before the creditor retained the debt collector. Nothing in the FDCPA suggests that Congress intended creditors' unilateral actions to obligate debt collectors to inform debtors of their rights; rather, the Act is intended to deter debt collectors from employing their own abusive tactics. Because we decide that GMAC's letter to Thomas does not constitute an initial communication for FDCPA purposes, no obligation to inform Thomas of his validation rights arose upon the sending of the letter.

Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914, 916-17 (7th Cir. 2004) (superseded by statute on other grounds by 15 U.S.C. § 1692g(d)). "Thus, by definition (in effect), a creditor could not send an 'initial communication.'" Turner v. Shenandoah Legal Group, P.C., 2006 U.S. Dist. LEXIS 39341 (E.D. Va. June 12, 2006) (citing Thomas, 392 F.3d at 917).
    In Lane v. Fein, Such & Crane, LLP, 767 F. Supp. 2d 382 (E.D.N.Y. 2011), the court granted the defendant's motion to dismiss under circumstances very similar to those at issue here. In Lane, the plaintiff claimed that her unsolicited letter to a debt collector contesting the validity of an alleged debt constituted an "initial communication" under § 1692g(a). The court observed:

> [T]he Court is aware of [no case] that has directly addressed the present situation, in which a consumer challenges a debt *before* the debt collector initiates communication with the consumer. Nevertheless, in the Court's view, the statute itself shows that the plaintiff's theory is without merit.

Id. at 385 (emphasis in original). In analyzing the statutory text, the court concluded

> In the Court's view, by describing the "initial communication" as being "in connection with the collection of any debt" the Congress was identifying an attempt *by the debt collector* to collect the debt. Likewise, while the Court is aware of no cases that discuss whether an "initial communication" could come from a consumer, Section 1692 provides that the purpose of the statute is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged". To impose the obligations of

                                                                                              :

Initials of Preparer           PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

> Section 1692g on any debt collector who receives an unsolicited letter from a consumer concerning a debt would, in the Court's view, impose an undue burden on debt collectors who had until then "refrain[ed] from using abusive debt collection practices".  Section 1692.

Id. at 387 (emphasis in original).  Thus, the court concluded:  "Here, [the consumer] challenged the debt before he received any communication from [the debtor], so the thirty day period described in Subsection 1692g(a) never started running with respect to [the consumer]." Id. at 388.  In so holding, the court reasoned:

> Rather than seeing this as an overly technical reading of the statute, the Court views this outcome as consistent with the above-mentioned object of the FDCPA.  A consumer who challenges a debt before a debt collector even attempts to collect that debt—not to mention before the debt collector informs the consumer of his right to challenge the debt—is unlikely to be unfairly affected . . . .  Also, to the extent that such a debtor wishes to benefit from the collection moratorium provided for in Section 1692g, he may simply mail a renewed challenge to the debt once an initial communication takes place.  In addition, to hold that a debtor may invoke the moratorium before receiving an "initial communication" from the debt collector would give a debtor an unintended power to forestall lawsuits by debt collectors who had so far not contacted the debtor.  This appears to be inconsistent with the spirit of the provision in Section 1692g(d) stating that serving a legal pleading itself does not even invoke the duties described in Section 1692g.

Id. at 388.

In this case, as in Lane, the Court concludes that Plaintiff's unsolicited letters to Defendants, *before* Defendants had made any attempt to communicate with Plaintiff regarding the collection of any debt, do not qualify as "initial communication[s] with a consumer in connection with the collection of any debt" under § 1692g(a).

### b. Plaintiff's Complaint

For the reasons discussed above, the filing of Plaintiff's complaint in this action does not qualify as an "initial communication" under § 1692g(a).  In addition, under 15 U.S.C. § 1692g(d), "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

### c. Defendants' January 27, 2012 Email

In response to Plaintiff's complaint, on January 27, 2012, Defendant McGurgan (in-house litigation counsel for Defendants PRA, Inc. and PRA, LLC) sent Plaintiff an email. (See SAC, ¶ 27). This email stated:

Ms. Hammock-

Portfolio Recovery Associates, Inc. is a publicly traded company, does not engage in debt collection activity, and does not own any account in your name. Portfolio Recovery Associates, LLC, a wholly owned subsidiary, owns an account in your name, and does engage in collection activity. As such, I kindly request that you amend the Complaint filed to name Portfolio Recovery Associates, LLC as the proper Defendant or we will have to move for dismissal.

Having said that, PRA, LLC has a Providian National Bank Master Card acquired 6/29/2001 in its office for collections with a balance of $993.25. The pulling of a credit report for the collection of a voluntary credit transaction is a permissible purpose under 15 U.S.C. 1681b(a)(3)(A). Although I do not believe PRA, LLC has any liability here, to avoid the expense associated with litigation I will waive and eliminate the debt for a dismissal of the lawsuit. Otherwise, we will defend it. Please feel free to call or email me to discuss. Thanks,

Keith

(SAC, ¶ 27; McGurgan Decl., Exh. D).[1]

Thus, in his email, McGurgan: (1) requested that Plaintiff amend her complaint to name the proper entity as a defendant; and (2) offered to settle Plaintiff's lawsuit by eliminating Plaintiff's alleged

---

[1] Although Plaintiff did not include the full text of McGurgan's email in her complaint, the Court may nevertheless consider this email in connection with Defendants' Rule 12(b)(6) Motion to Dismiss. See United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (when ruling on a Rule 12(b)(6) motion, "[w]e may . . . consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.") (citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001)). Here, each of these requirements is satisfied.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

debt in its entirety. Plaintiff has cited no case, nor is the Court aware of any case, holding that a communication comparable to McGurgan's email was found to be an "initial communication" under § 1692g(a). As the Court observed in Lane, "by describing the 'initial communication' as being "in connection with the collection of any debt" the Congress was identifying *an attempt by the debt collector to collect the debt*." Lane, 767 F. Supp. 2d at 387 (emphasis added). Here, McGurgan's email cannot plausibly be construed as "an attempt by [Defendants] to collect the debt." Instead, it was an offer by Defendants to settle *Plaintiff's* lawsuit by eliminating any alleged debt in its entirety. See Lane, 767 F. Supp. 2d at 387; accord Thomas, 392 F.3d at 917 ("Nothing in the FDCPA suggests that Congress intended creditors' unilateral actions to obligate debt collectors to inform debtors of their rights; rather, the Act is intended to deter debt collectors from employing their own abusive tactics.").

Accordingly, McGurgan's January 27, 2012 email did not, as a matter of law, constitute an "initial communication with a consumer in connection with the collection of any debt" under § 1692g(a). Because Plaintiff's SAC fails to allege any "initial communication" under § 1692g(a), Defendants' Motion to Dismiss is GRANTED as to Plaintiff's § 1692g claims.

### 2. 15 U.S.C. § 1692e

Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff contends that Defendants violated § 1692e by sending the above-described January 27, 2012 email. As discussed above, however, the January 27, 2012 email was not sent "in connection with the collection of any debt." Thus, Plaintiff's § 1692e claims, which are predicated entirely upon this email, also fail.

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's § 1692e claims.

### 3. 15 U.S.C. § 1692f(1)

Under 15 U.S.C. § 1692f(1), "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Because Plaintiff's SAC fails adequately to allege any "attempt to collect any debt," Plaintiff's § 1692f(1) claim also fails.

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's § 1692f(1) claim.

### B. Rosenthal Act

The Rosenthal Fair Debt Collection Practices Act "is California's version of the FDCPA; it either mimics the relevant provisions of the FDCPA or incorporates them by reference. Thus, district courts

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

analyze FDCPA and [Rosenthal Act] claims identically."  Murphy v. Bronson, Cawley, & Bergmann, LLP, 2011 WL 2413447, *6 (S.D. Cal. June 13, 2011) (internal citations and quotation marks omitted).

Accordingly, for the reasons stated above, Plaintiff's SAC fails to state a claim for the following alleged violations of the FDCPA: 15 U.S.C. §§ 1692g, 1692e, & 1692f, as incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17. (See SAC, ¶¶ 52-57, 59).

Plaintiff further alleges that Defendants violated Cal. Civ. Code § 1788.13(l), which provides: "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices . . . Any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency." (See SAC, ¶ 57). Because Plaintiff's SAC fails adequately to allege any "attempt to collect a consumer debt," this claim also fails.

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's claims under the Rosenthal Act.

### C. FCRA

15 U.S.C. § 1681b identifies the limited circumstances under which an entity may properly obtain a consumer credit report. Plaintiff alleges that in July 2010, September 2010, and February 2011, Defendants obtained a copy of her credit report from TransUnion, without a permissible purpose under § 1681b. (See SAC, ¶¶ 29-35, 60-68).

Defendants contend that they did, in fact, have a permissible purpose to obtain Plaintiff's credit report (namely, the review or collection of a credit transaction under 15 U.S.C. § 1681b(a)(3)(A)). Whether Defendants obtained a copy of Plaintiff's credit report for a permissible purpose, however, is a fact question that must be resolved at summary judgment or at trial. It cannot properly be resolved at this stage of the litigation. (See generally SAC at ¶ 24 (alleging that the purported debt is "non-existent").

Accordingly, Defendant's Motion to Dismiss is DENIED as to Plaintiff's claim under the FCRA.

### D. McGurgan's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant McGurgan's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. (Dkt. 33). McGurgan is a resident of the state of Virginia. In light of McGurgan's unrefuted declaration, Plaintiff has failed to meet her burden of demonstrating that McGurgan has "substantial, continuous and systematic" contacts with California that "approximate physical presence in the forum state." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). (See McGurgan Decl., ¶¶ 11-26).

Plaintiff also has failed to meet her burden of demonstrating that this Court has specific jurisdiction over McGurgan. The only potentially relevant forum-related activity in which McGurgan

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10541 SVW (FMO) | Date | May 23, 2012 |
|---|---|---|---|
| Title | Nechele Hammock, Pro Se v. Portfolio Recovery Associates Inc., et al. | | |

participated was sending the above-described January 27, 2012 email to Plaintiff (who is a California resident), *after* Plaintiff had filed the instant lawsuit. As discussed above, however, this email is not a proper basis for liability, and Plaintiff has failed to demonstrate that her sole remaining claim—Defendants' alleged violation of the FCRA—in any way "arises out of or relates to [McGurgan's] forum-related activities." See Schwarzenegger, 374 F.3d at 802.

Thus, this Court lacks personal jurisdiction over McGurgan.

## IV. CONCLUSION

For the reasons set forth above, Defendants PRA, LLC's and PRA, Inc's Motion to Dismiss, (Dkt. 28), is GRANTED as to Plaintiff's claims under the FDCPA and the Rosenthal Act, and DENIED as to Plaintiff's claim under the FCRA. Defendant McGurgan's Motion to Dismiss for Lack of Personal Jurisdiction, (Dkt. 33), is GRANTED.

Trial is hereby scheduled for Tuesday, August 7, 2012, at 9:00 a.m. Pretrial conference is scheduled for Monday, July 30, 2012, at 3:00 p.m.

: 

Initials of Preparer     PMC